KINGS COUNTY—HON. JESSE C. SMITH, SURROGATE—May, 1853.

## NEWHOUSE v. GALE.

*In the Matter of the administration of the Goods, &c., of* WILLIAM A. GODWIN, *deceased.*

A legatee who is named as executor in a will which has been declared null and void by a decree of the surrogate, and who has appealed from such decree, has sufficient interest in the estate to enable him to make an ap-

plication for the removal of the administratrix, on the ground of her marriage since her appointment.

The policy of the statute is against the appointment of married women as administratrices or guardians, and of their continuation in office after their marriage subsequent to the issuing of the letters; but *it seems* that such subsequent marriage of an administratrix is no ground for her removal where her husband files his consent to her continuance in office, and unites with her and the sureties in a new bond.

An appeal taken by an executor from a decree of the surrogate declaring the will null and void, stays all proceedings on the letters of administration subsequently granted to the widow, and no letters of collection can be issued upon them while the administration continues.

*Held*, therefore, that in order to enable letters of collection to be issued for the protection of the personal property pending the appeal, the letters of administration granted to the widow should be revoked.

The facts appear in the opinion.

GERARDUS CLARK, *for Newhouse, the legatee and executor.*

E. D. CULVER, *for the administratrix.*

THE SURROGATE.—In this case, letters of administration were granted to Mary A. Godwin, the widow of the deceased, after a decree refusing to admit to probate the instrument offered as the last will and testament of the deceased.

An appeal was taken by John Newhouse, a legatee and executor named in the will, from the decree of the surrogate. Since the granting of letters of administration to Mary A. Godwin, the widow, she intermarried with Anthony Gale.

Application was made by said John Newhouse to have the letters of administration revoked, because of the marriage.

Objection was made by counsel for the widow: 1st. That Mr. Newhouse had no interest in the estate which would authorize him under the statute to make the application; and 2d. The objection is sought to be removed by filing the consent of Anthony Gale, the husband, that his wife Mary may continue to act as such administratrix.

The first objection I do not think tenable. It is true that Mr. Newhouse would have no interest if the decision of the surrogate in rejecting the will is sustained. But inasmuch

as the appeal suspends all proceedings under the decree of the surrogate, I think that the legatee named in the will offered for probate must be considered as having sufficient interest, until the decision of the surrogate is affirmed or reversed, to enable him to take this proceeding.

In regard to the main question; the statute provides that if an administratrix marries after being appointed administratrix, the surrogate, on the application of any person interested, shall have power to revoke such appointment. It does not in express terms say that the surrogate shall revoke for that cause. But I have considered the policy of the statute to be not only against the appointment of married women administratrices and guardians, but also against their continuance in office after marriage which takes place subsequent to the issuing of the letters.

The statute does not forbid their acting after marriage, when such marriage takes place subsequent to the issuing of letters; and from the examination of authorities on this subject, I should have no hesitation in continuing the administratrix upon filing the consent of her husband, and the execution of a new bond, in which he should unite with her and the sureties, if it were not for the position in which this matter is placed by reason of the appeal from the decree of the surrogate refusing to admit the will to probate.

In the case of *Hicks* v. *Hicks* (12 *Barb.*, 322), the Supreme Court have held that the appeal in such a case stays all proceedings in the administration. If so, then the continuance of the letters would be of no service to the estate or to any parties interested therein, and I could not make the order to continue upon the consent of the husband; and inasmuch as no letters of collection can be issued to protect the personal property pending the appeal, while the letters of administration continue in force, I shall revoke the letters of administration heretofore issued to Mary A. Godwin, now Mary A. Gale, the widow of the deceased, to enable letters of collection to be issued.